IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHARLES McAULEY ADAMS,

      Plaintiff,

v.                                 No. 03-2975 B

SHELBY COUNTY, TENNESSEE et al.,

      Defendants.

_____

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
STRIKE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

Plaintiff, Charles McAuley Adams, brought the instant action against the Defendant, Shelby County, Tennessee ("Shelby County"), among others, alleging a myriad of claims arising from an incident in which he was placed under arrest while appearing in the courtroom of Shelby County Chancellor D.J. Alissandros on January 24, 2003.  Before the Court is the motion of the Defendant for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, on Plaintiff's remaining claim, under 42 U.S.C. § 1983, for violation of his constitutional rights, and the motion of the Defendant to strike Plaintiff's response in opposition to summary judgment.

I. Defendant's Motion to Strike All of Portions of Plaintiff's Response

Before addressing the merits of Shelby County's motion for summary judgment, the Court must first resolve the Defendant's motion pursuant to Rules 12, 56, and 5 of the Federal Rules of Civil Procedure and Rule 7.2 of the Local Rules of this District to strike all or portions of Plaintiff's brief in opposition to its motion.  Shelby County first submits that all material in Adams' response pertaining to his complaint against Chancellor Alissandros and the subsequent investigation, as well

as all statements reflecting the views of Plaintiff's counsel regarding that investigation and counsel for Shelby County, should be stricken pursuant to Rule 12(f), Federal Rules of Civil Procedure. Rule 12(f) permits the Court to strike material in a pleading that is "redundant, immaterial, impertinent, or scandalous." FED. R. CIV. PRO. 12(f).  As defined by Rule 7(a) of the Federal Rule of Civil Procedure, a pleading is "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." FED. R. CIV. PRO. 7(a).  Because it is not a "pleading" within the meaning of the Federal Rules, Plaintiff's response, in whole or part, is not subject to a motion to strike under Rule 12(f).  Fox v. Michigan State Police Dept., No. 04-2078, 2006 WL 456008, 2 (6th Cir. Feb. 24, 2006);  City of Kalamazoo v. Michigan Disposal Service Corp., 125 F.Supp.2d 219, 221 -222 (W.D. Mich.2000); 35A C.J.S. *Federal Civil Procedure* § 497 (2005) ("A motion to strike is not the proper avenue for challenging briefs or memoranda in support of or in opposition to a motion, or exhibits attached to a brief.").  Similarly, because Rule 12(f) is the only means under the Federal Rules of Civil Procedure to strike documents or portions of documents, Shelby County's argument that the Court should strike Plaintiff's response for failure to comply with  Rule 5 is without merit.  See U.S. v. Crisp, 190 F.R.D. 546, 550 (E.D. Cal. 1999) ("The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings.").

Shelby County next seeks to strike the exhibits attached to Plaintiff's response, including the (1) transcript of proceedings before the Shelby County Chancery Court (Ex. A); (2) correspondence between Plaintiff and John L. Kea, II, the Deputy Disciplinary Counsel for the Tennessee Court of

the Judiciary (Ex. B); and (3) correspondence between Kea and Chancellor Alissandratos (Ex. C), on the grounds that the documents are unsworn and thus, inadmissible as evidence. Because none of the exhibits are sworn or certified, they are not properly authenticated, and are therefore inadmissible in evidence. FED. R. CIV. PRO. 56(e). While the Federal Rules do not provide for the striking of documents other than pleadings, the Court will not consider the exhibits in ruling on the instant motion. See Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir. 1993) ("This court has ruled that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded.").

Similarly, Shelby County argues that the Court should strike all portions of the Plaintiff's response pertaining to his concern regarding the adequacy of the investigation of his complaint to the Tennessee Court of the Judiciary regarding Chancellor Alissandratos on the basis that such comments are irrelevant to the Court's determination of the instant motion and unsupported by admissible evidence. Again, the Federal Rules provide no basis for this Court to strike the material, however, to the extent that any statements of fact in Plaintiff's response are unsupported by evidence in the record, they are not sufficient to withstand a motion for summary judgment. American Road Service Co. v. Consolidated Rail Corp., 348 F.3d 565, 569 (6th Cir. 2003) ("Speculation, unsupported by facts in the record, is insufficient to create a genuine issue of material fact and falls short of what is required to survive summary judgment.").

II. Defendant's Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that a

judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

3

FED. R. CIV. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988).  In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."  Celotex, 477 U.S. at 324.  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., 475 U.S. at 586. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  In this circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action."  Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)).

The following facts relevant to this action are undisputed.[1]  On Friday, January 24, 2003,

---

[1]  Local Rule 7.2(d)(3) provides that

the opponent of a motion for summary judgment who disputes any of the material facts upon which the proponent has relied . . . shall respond to the proponent's number designations, using the corresponding serial numbering, both in the response and by affixing to the response copies of the precise portions of the record relied upon to evidence the opponent's contention that the

4

Adams appeared in Shelby County Chancery court to contest a motion for summary judgment in an unrelated action.  (Compl. ¶ 14.)  During his appearance, Shelby County Chancellor Alissandros ordered the Plaintiff arrested pursuant to an attachment pro corpus entered on June 29, 1994 for his failure to appear at a hearing as instructed in a writ of scire facias alleging that he was in arrears of child support payments.  (Id. ¶ 16; Def.'s Mot. Summ. J. ("Def.'s Mot.") Ex. 1, 4.)  Following his arrest, Plaintiff was taken to the Shelby County Jail and booked on a $12,000 bond as provided in the attachment pro corpus.  (Compl. ¶ 18, Def.'s Mot. Ex. 4.)  On the following business day, Monday, January 27, 2003, the jailers prepared to take Adams to the Shelby County Chancery Court, but received a phone call from the Clerk's Office instructing them not to do so.  (Compl. ¶ 19.) Adams alleges in his complaint that, two days later, jailers again prepared to take him to court, but stopped after receiving word from the court that he should not be transported there.  (Compl. ¶ 19.)

At issue in the instant motion is the Plaintiff's claim, pursuant to 42 U.S.C. § 1983, for a violation of his constitutional rights as a result of his arrest on January 24, 2003.  Specifically, Adams contends that the failure of Shelby County jail personnel to take him to court on January 27, 2003 or January 29, 2003 was in violation of his civil rights.  (Pl.'s Resp. ¶ 1.)  Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983.  In order to prevail on such a claim, a § 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution

---

proponent's designated material facts are at issue.

LR 7.2(d)(3), Local Rules of the U.S. Dist. Ct. for the W. Dist. of Tenn.  Because Plaintiff did not respond in opposition to the Defendant's statement of facts as provided by Local Rule 7.2(d)(3), the Court must assume that those facts are undisputed.

and (2) that the deprivation was caused by a person acting under color of state law." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).  "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." Humes v. Gilless, 154 F.Supp.2d 1353, 1357 (W.D. Tenn. 2001).

Local governments such as the City of Memphis are considered "persons" for purposes of § 1983.  Holloway v. Brush, 220 F.3d 767, 772 (6th Cir. 2000).  This does not mean, however, that municipalities are "liable for every misdeed of their employees and agents."  Alkire v. Irving, 330 F.3d 802, 814-15 (6th Cir. 2003) (quoting Garner v. Memphis Police Dep't, 8 F.3d 358, 363 (6th Cir. 1993)).  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).  Instead, the Supreme Court has held that "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."  Board of County Comm'rs of Bryan County,' Okla. v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (citing Monell, 436 U.S. at 694, 98 S.Ct. at 2027); Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81, 106 S.Ct. 1292, 1298-99, 89 L.Ed.2d 452 (1986); and City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989)).  The Sixth Circuit has instructed that

> [f]or liability to attach, there must be execution of a government's policy or custom which results in a constitutional tort.  Such a requirement ensures that a [municipality] is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the [municipality].  The "policy" requirement is not meant to distinguish isolated incidents from general rules of conduct promulgated by city officials. Instead, the "policy" requirement is meant to distinguish those injuries for which the [municipality] is responsible under § 1983, from those injuries for which the [municipality] should not be held accountable.

6

Gregory v. Shelby County, Tenn., 220 F.3d 433, 441 (6th Cir. 2000) (internal citations omitted). "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Brown, 520 U.S. at 404, 117 S.Ct. at 1388 (citing Monell, 436 U.S. at 690-91, 98 S.Ct. at 2035-36).

The basis for Shelby County's motion for summary judgment is that Adams has failed to establish a constitutional violation or the existence of a municipal policy supporting liability under § 1983. Notably, in his response, Plaintiff does not allege what constitutional rights were purportedly violated by the failure of jail personnel to transport him to court on a date on which his appearance was no longer required, nor does he allege any injury or prejudice sustained from such action.[2] Ewolski v. City of Brunswick, 287 F.3d 492, 516 (6th Cir.2002) (noting that a municipality cannot be held liable under § 1983 unless a constitutional violation by its agents is first established.). Further, Plaintiff has not provided sufficient evidence to demonstrate that a genuine issue of material fact exists as to whether the Defendant had a deliberate and discernable policy or custom that caused his injury. In support of its motion, Shelby County offers the affidavit of James E. Coleman, the Director of the Shelby County Jail, who stated that the jail has "numerous systems in place to ensure that inmates are taken to court as scheduled and as dictated by the courts." (Aff. James E. Coleman ("Coleman Aff.") ¶ 3.) Coleman further explained that the jail maintains computerized records of court settings as well as policies requiring jail personnel to be responsive to inmates who claim to

---

[2] In his complaint, Plaintiff argued that had he been permitted to appear before the court on the dates on which his appearance was originally scheduled, he would have been released from jail without having to post bond. However, because the uncontested facts demonstrate that no appearance before the court was scheduled on those dates, the failure of the jail personnel to transport Adams there was not the cause of this purported injury.

have an appearance not reflected in the records and to court personnel regarding the need to transport inmates.  (Id. at ¶¶ 3, 4.)  In response, Plaintiff offers the deposition testimony of Coleman which he maintains "is contradictory with itself and his affidavit."  (Pl.'s Resp. ¶ 3.)  Specifically, Adams cites to page 42 of the deposition in which Coleman states that when jail personnel are notified by the court that a new date was set for an inmate, the new date would be recorded in the jail's computerized system.[3]  (Dep. James E. Coleman ("Coleman Dep.") at 42.)  From this testimony, Plaintiff surmises that the jail does not have a policy, but rather waits for notice from the courts regarding inmates' scheduled appearances.  (Pl.'s Resp. at 2.)

The Court finds that, on this basis alone, Plaintiff has failed to demonstrate that a genuine issue of material fact exists as to whether Shelby County has a policy of "permitting inmates to languish in jail."  Rather, the uncontroverted evidence demonstrates that the jail has a policy, albeit dependent on communications from the courts, to ensure that inmates are transported for required appearances.  (Coleman Aff. ¶¶ 3, 4; Coleman Dep. at 44.)  Further, assuming *arguendo* that Shelby County does have a policy which resulted in the violation of Adams' constitutional rights, he has provided no evidence to demonstrate that it is "so widespread as to have the force of law."  Brown, 520 U.S. at 404, 117 S.Ct. at 1388.  Accordingly, the Court finds, as a matter of law, that Shelby County is entitled to judgment on the Plaintiff's claim pursuant to § 1983.  Because the Court previously granted Plaintiff an additional ninety day period in which to conduct discovery for the purposes of responding to the Defendant's motion for summary judgment, the Court DENIES Plaintiff's request that it be permitted to conduct further discovery.

---

[3] Page 43 of Coleman's deposition, also cited by Plaintiff in support of his argument, was not included in the transcript of the deposition filed by Adams with the Court.

8

For the reasons articulated herein, the motion of the Defendant for summary judgment is GRANTED[4] and Defendant's motion to strike is GRANTED in part and DENIED in part.

**IT IS SO ORDERED** this 3rd day of March, 2006.


s/  J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[4] Based on the Court's decision granting summary judgment in favor of the Defendant, it need not address its argument that Plaintiff's punitive damages claim be dismissed.